# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANDRE GRIFFIN,<br><br>               Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, *et al.*,<br><br>               Defendants. | Case No. CV 11-3458 DOC (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint, the Magistrate Judge's Report and Recommendation, Petitioner's Objections to the Report and Recommendation, and the remaining record, and has made a *de novo* determination.

      Nothing in the Objections refutes the Magistrate Judge's finding that Plaintiff waited approximately one year and eight months after the alleged incident to submit an inmate grievance. (*See* R&R at 4.) Additionally, Plaintiff now acknowledges that the "Appeals Coordinator" never actually told him that he had "no available administrative remedies." (Obj. at 3-4; *see also* R&R at 3-4.) Under such circumstances, Plaintiff failed to *properly* exhaust his Eighth Amendment

claim, as required by the Prison Litigation Reform Act. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006) ("[T]he PLRA exhaustion requirement requires proper exhaustion.").[1]

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;
2. Judgment be entered dismissing this action without prejudice; and
3. The Clerk serve copies of this Order and the Judgment on the parties.

DATED: August 24, 2012

/s/ David O. Carter

HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner also filed, concurrently with his Objections, a "Response to Defendant CDCR's Reply" and a "Motion and Prayer to the U.S. District Judge to Intervene in 42 U.S.C. [§] 1983 Civil Rights Complaint." [*See* Docket Nos. 52-53.] Nothing in those filings changes the Court's conclusion that Plaintiff has failed to properly exhaust his administrative remedies.

2